**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James TEMPLETON, Defendant-
Appellant.**

**No. 17-30003**

United States Court of Appeals,
Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Helen J. Brunner, Esquire, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Ashwin Cattamanchi, Michael Filipovic, FPDWA—Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Defendant-Appellant

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

James Templeton appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Templeton contends that he is eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). Contrary to Templeton's contention, section 3582(c)(2) did not authorize the district court to apply a two-level reduction for safety valve because such a reduction was not applied at Templeton's original sentencing. *See* U.S.S.G. § 1B.10(b)(1) (when determining a defendant's amended guideline range, the court "shall substitute only the [amended provisions] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected"); *Dillon v. United States,* 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). This is true even if the district court erred by failing to apply a safety valve reduction at the original sentencing. *See Dillon,* 560 U.S. at 831, 130 S.Ct. 2683. Because Templeton's 240-month sentence is below his amended guideline range of 262 to 327 months, he is ineligible for a reduction. *See* U.S.S.G. § 1B1.10(b)(2)(A) (the district court may not reduce a defendant's sentence "to a

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

term that is less than the minimum of the amended guideline range").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.